**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK JOHNSON | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-609 |
| | § | Judge Clark/Judge Mazzant |
| EXPERIAN CORP. | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 8, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant's Motion to Dismiss Amended Complaint [Doc. #23] be granted [Doc. #29]. On May 28, 2013, plaintiff filed objections [Doc. #32]. On June 5, 2013, defendant filed a response [Doc. #34].

Plaintiff's Amended Complaint sets forth four causes of action under various federal and state statutes including the following: (1) the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (the "FCRA"); (2) the Fair Trade Commission Act, 15 U.S.C. § 45 (the "FTC"); (3) Texas Business and Commerce Code §§ 17 and 20 which is the Texas Deceptive Trade Practices Act (the "DTPA") and Texas's regulations of consumer credit reporting agencies (the "TCRA"); and (4) the Rehabilitation Act, 29 U.S.C. § 701 et. seq. All four counts stem from plaintiff's claim that

1

defendant intentionally lowered his FICO credit score because he allegedly suffers from diabetes and alcoholism and is a "white handicapped cracker and were taking over with Obama in office."

After defendant filed a motion to dismiss, and no response was filed, the Magistrate Judge entered a report recommending that the motion to dismiss be granted. The Magistrate Judge found that plaintiff failed to allege any facts that would make any of his claims plausible, citing *Johnson v. Trans Union LLC*, No. 12-5272, 2013 WL 1187063 (E.D. Pa. Mar. 22, 2013).

Plaintiff first objects asserting that the Magistrate Judge had denied an earlier filed motion to dismiss, which somehow means that the pending motion to dismiss should also be denied. The earlier motion to dismiss was not denied on the merits of the motion, but rather was deemed moot. In the current motion, the Magistrate Judge addressed the merits of defendant's reasons for requesting dismissal of this case. Plaintiff did not file a response.

Plaintiff then proceeds to lay out his legal argument on why the case should not be dismissed. The court agrees with the Magistrate Judge that plaintiff failed to provide any factual allegations to support his claims in this case. Plaintiff was given an opportunity to amend his complaint, but he has not asserted any plausible claims against defendant.

Plaintiff fails to state a claim regarding the Fair Credit Reporting Act, because plaintiff does not allege that an item of information in his credit report is inaccurate, which is a requirement of a Fair Credit Reporting Act claim, and because defendant is not responsible for plaintiff's dispute with FICO regarding his FICO credit score. Plaintiff's Fair Trade Commission Act claim fails as a matter of law because the Act does not grant a private cause of action to individual consumers. 15 U.S.C. § 45; *see Cranfill v. Scott & Fetzer Co.*, 752 F. Supp. 732, 734 (E.D. Tex. 1990).

As to plaintiff's DTPA and TCRA claims, plaintiff lacks standing to bring these claims.

Plaintiff alleges that defendant committed fraudulent and deceptive practices under the TCRA. The TCRA regulates the actions of consumer credit reporting agencies with regards to Texas consumers. Section 20.01(2), to which plaintiff cites on page 7 of the Amended Complaint, defines a consumer as an individual who resides in Texas. Tex. Bus. & Com. Code § 20.01(2). Since plaintiff is a resident of Ohio, he has no standing to assert a claim under section 20. *Id.*

Plaintiff has also alleged that any violation of the TCRA would be a deceptive trade practice under the DTPA. Section 20.12 makes a violation of the TCRA a false, misleading or deceptive act or practice under the DTPA. Tex. Bus. & Com. Code § 20.12. As to his claim under the Texas DTPA, his claim is predicated on there being a viable allegation of the TCRA, which cannot exist because plaintiff lacks standing. Even if plaintiff had standing to bring a claim under the TCRA or DTPA, he has not presented any factual allegations sufficient to allege a claim under either statute.

Finally, as to his attempt to assert a claim under the Rehabilitation Act, plaintiff fails to demonstrate that he has a disability as defined by the Rehabilitation Act and that the Act applies to defendant. *See* 29 U.S.C. 705(20)(B).

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is therefore **ORDERED** that defendant's Motion to Dismiss Amended Complaint [Doc. #23] is GRANTED and plaintiff's case is **DISMISSED** with prejudice.

All relief not previously granted is hereby **DENIED.**

The Clerk is directed to **CLOSE** this civil action.
So **ORDERED** and **SIGNED** this **26** day of **June, 2013.**

_____
Ron Clark, United States District Judge